**15 CV 4034**

In The United States District Court
For The Southern District of the State

-------------------------------------------------

Cirilo Alcantara,

                         Plaintiff,

        -against-

Danielle Donaghue, Richard DiGangi,
John Welburg, and Doctor John Doe,

                      Defendants,

-------------------------------------------------

RECEIVED
SDNY PRO SE OFFICE

Inmate Civil Rights Complaint 2015 MAY 15 A 11: 12

Pursuant to 42 U.S.C § 1983

Jury Trial Demanded

**Verified Complaint**

Case # ____-CV-_____

District Court Judge: Hon. _____

Magistrate Judge: _____

## THE PARTIES, JURISDICTION AND VENUE

1. This is a civil rights action filed by Cirilo Alcantara, who is currently a state prisoner, seeking relief and damages under 42 U.S.C. § 1983, to protect and defend his rights and to remedy the deprivation, under the color of state law, of rights guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution, alleging violations of his rights to be protected from Assault and Battery, rights to be provided with timely and adequate medical care and rights to be free from Cruel and Unusual Punishment, and is seeking injunctive relief and money damages.

2. Plaintiff Cirilo Alcantara is and was at all times relevant hereto, an arrestee in the custody of the New York City Police Department, and later in the Custody of the New York City department of Corrections and the New York State Department of Corrections and Community Supervision ("NYSDOC"). At the time of the events relevant hereto, Plaintiff was arrested in the

1

122nd precinct in Staten Island, in Rikers Island and finally, at Clinton Correctional Facilities. Plaintiff is currently incarcerated at Clinton Correctional Facility ("CCF"), P.O. Box 2001, Dannemora, N.Y. 12929. His Din # is 13-A-2352.

3.   That at all time herein mentioned, defendant Danielle Donaghue was a Police Officer employed by the New York City Police Department (hereinafter "NYPD") at the 122nd precinct in Staten Island, New York. He is sued in his individual capacity.

4.   That at all time herein mentioned, defendant Richard DiGangi was a Police Officer employed by the N.Y.P.D. at the 122nd precinct in Staten Island, New York. He is sued in his individual capacity.

5.   That at all time herein mentioned, defendant John Welburg was a Police Officer employed by the N.Y.P.D. at the 122nd precinct in Staten Island, New York. He is sued in his individual capacity.

6.   That at.all time herein mentioned, defendant John Doe was a doctor at Otis Bantum Correctional Center ("OBCC") on Rikers Island, employed by Corizon Correctional Health Services. Defendant John Doe can be served at Corizon Correctional Health Care, 49-04 19th Avenue, Astoria, N.Y. 11105. He is sued in his individual capacity.

7.   Jurisdiction of this Court is invoked Pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the Constitution of the United States.

8.   Jurisdiction of this Court in invoked Pursuant to 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured by Congress providing for equal rights of persons within the jurisdiction of the United States.

9.  Venue properly lies in this District Pursuant to 28 U.S.C. § 1391(b)(2), because the majority of events giving rise to this cause of action occurred in Staten Island, New York, which is located within the Southern District of the State.

10.  That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the First, Eighth and Fourteenth Amendments to the United States Constitution.

## II. Facts

11.  On May 30th, 2012, I got home between 7 and 8 o'clock in the evening, and I was visibly drunk. My stepsons called the police and alleged that a rape had occurred in the home against my daughter Jasmine.

12.  On May 30th, 2012, between 10:00 p.m. and 11:00 p.m., I was arrested by police officers of the 122nd Precinct in Staten Island, New York. I was in front of my home at 28 Clinton Place, Staten Island, New York 10302.

13.  My stepsons are the ages of 17, 16 and 14 respectively, and my relationship with them was not good. Their mother and me both worked full time jobs and it was agreed upon us that chores be assigned to the boys. The problem was the children did not want to do their chores, when we came home from work the house was messy and all dirty dishes would be piled in the sink.

14.  Since they were not abiding by the rules of the house, I was forced to start punishing them by taking away certain privileges they were afforded, which included internet, telephone and cable TV.

Case 1:15-cv-05584-ENV-RML   Document 2   Filed 05/15/15   Page 4 of 9 PageID #: 6

15. Returning to the incident with the police, I was laying underneath the truck in my driveway and very drunk, and when I got up my neighbor Ruben Rivera came and told me that my stepsons called the police. I started to scuffle with him and his son because I was scared and wanted to leave since I had an arrest warrant for driving under the influence. I was aware that if I was sent to Rikers Island I could be deported back to Mexico, like my cousin was and three of my close friends. I wound up deciding to give up and wait for the police to arrive by staying in front of my house.

16. A police car pulled up with two officers, who got out of the car, handcuffed me and made me wait in front of the house. I had no t-shirt, so they went inside my home to get me one.. Then another police car pulled in with one officer and came over to the car and asked the other two if I was the perpetrator, and they responded yes.

17. The second Police Officer, who arrived by himself, then punched me twice in my face, once in my lip which required four to five stitches, and then he broke my nose and placed me in the car.

18. When I was removed from the car outside the 122nd precinct, the two Police Officers who arrived first on the scene threw me to the ground and started to stomp on me with their feet, and one of them dislocated my shoulder. Although I was still drunk I felt considerable pain and was bleeding profusely and continuously.

19. After I was arrested and processed at the 122nd precinct in Staten Island, the three officers lied, claiming that my neighbor was the one who assaulted me, but no charges were pressed against them for the assault.

20. Detective Alex N.G. came to see me, who was the detective assigned to my case. I had immediately asked him to take me to the hospital and at first he declined because it was early

4

in the morning and they stated they wanted to go home, but when he saw how bad I was he called an ambulance and I was taken to Richmond County Medical Center.

21. While at the hospital my split lip was sewn up, but my broken nose and dislocated shoulder were left untreated. Hospital personnel gave me a prescription for medication but it was not filled. I was then taken back to the precinct where I was forced to sleep on the floor. My shoulder wound up getting an infection.

22. On June 1st, 2012, I was transported to Rikers Island.

23. I was transported to Downstate Correctional Facility on May 28th, 2013, and transferred into the custody of the New York State Department of Corrections and Community Supervision (hereinafter known as "NYSDOCCS").

## FIRST CAUSE OF ACTION
### (Eighth Amendment)

24. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth herein.

25. That the aforementioned acts by the defendants were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the US Constitution to be free from Cruel and Unusual Punishment.

26. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

## SECOND CAUSE OF ACTION
### (Fourteenth Amendment)

27. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth herein.

28. That the aforementioned acts by all of the defendants were in violation of his rights to be protected from Assault and Battery, guaranteed to plaintiff under the Fourteenth Amendment to the US Constitution.

29. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

### THIRD CAUSE OF ACTION
### (Fourteenth Amendment)

30. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth herein.

31. That the aforementioned acts by all of the defendants were in violation of his rights to be provided with timely and adequate medical care, guaranteed to plaintiff under the Fourteenth Amendment to the US Constitution.

32. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

WHEREFORE, Plaintiff seeks judgment against the defendants, and each of them, on the aforementioned causes of action, as follows:

Plaintiff seeks compensatory damages against defendants, each in the amount of One Million ($1,000,000.00) Dollars; and

Plaintiff seeks punitive damages against defendants, each in the amount of One Million ($1,000,000.00) Dollars; and

Plaintiff seeks attorney's fees pursuant to 42 USC § 1998; and

Plaintiff seeks interest and the costs and disbursements of this action.

Date:  Dannemora, New York

May 11          , 2015

Respectfully Submitted,

*Cirilo Alcantara*

Cirilo Alcantara, *Pro-Se*

Din # 13A2352

Clinton Correctional Facility

P.O. Box 2001

Dannemora, N.Y. 12929

## Verification

I, Cirilo Alcantara, affirm under the Penalty of Perjury Pursuant to 28 U.S.C. §1746, that I am the Plaintiff in this § 1983 action, that I have read the foregoing Complaint and know the contents thereof, that the same is true to my knowledge and belief, except as to matters alleged therein on information and belief, and that as to those matters I believe them to be true.

**I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct.**

Signed this _11_ day of _May_____, 2015

_Cirilo Alcantara_
**Cirilo Alcantara, Din # 13A2352**
**Clinton Correctional Facility**
**P.O. Box 2001**
**Dannemora, N.Y. 12929**

_Cirilo Alcantara_
Signature

_Cirilo Alcantara___        _13A2352_
Print Name                DIN #

049J82024561

$01.400
05.12.2015
Mailed From 12929
US POSTAGE

CLINTON
CORRECTIONAL
FACILITY

Cirilo Alcantara
Din: 13 A 2352
Clinton correccional Facility
P.O. Box 2001
Dannemora, New York 12929

United states District Court
Southern District of New York
Att Prose office
500 Pearl St.
New York, N.Y. 10007-1312



RECEIVED
SDNY PRO SE OFFICE
2015 MAY 15  A 11:12

Legal Mail

CLINTON CORRECTIONAL FACILITY
LAW LIBRARY
LEGAL MAIL ONLY