UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
CIRILO ALCANTARA,

        Plaintiff,

  -against-

DANIELLE DONAGHUE, RICHARD DiGANGI,
JOHN WELBURG, and DOCTOR JOHN DOE,

        Defendants.

------------------------------------------------------------ x

MEMORANDUM & ORDER

15-CV-5584 (ENV)(RML)

VITALIANO, D.J.,

Plaintiff, currently incarcerated at Clinton Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that defendants used excessive force during his May 30, 2012 arrest on Staten Island and then had allegedly denied him timely access to medical treatment for the injuries he sustained during that arrest. By Order, dated September 24, 2015, this action was transferred from the United States District Court for the Southern District of New York. Plaintiff's request to proceed *in forma pauperis* is granted, pursuant to 28 U.S.C. § 1915, the claims against defendant Doctor John Doe are dismissed, but the claims may proceed against the remaining defendants as set forth below.

## Background[1]

On May 30, 2012, Alcantara was arrested outside of his Staten Island home. He alleges that officers punched him and broke his nose during the arrest. Then, outside the 122nd precinct station house, two police officers stomped on him with their feet and one of them dislocated his shoulder. He was taken to a hospital on Staten Island where his lip was treated with stitches but

---

[1] The following facts are drawn from plaintiff's complaint, the allegations of which are assumed to be true solely for purposes of this Order.

1

his broken nose and dislocated shoulder were not, nor was he provided the medication that was prescribed. Upon his release from the hospital, he was returned to the precinct where he slept on the floor, and his untreated dislocated shoulder became infected. On June 1, 2012, police transported Alcantara to Rikers Island, where he remained until he was transferred to the custody of the state correctional system. He seeks damages for violations of the Eighth and Fourteenth Amendments.

## Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes plaintiff's *pro se* pleadings liberally particularly because they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

At the same time, even though courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must still plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## Discussion

Plaintiff names Doctor John Doe, a "doctor at Otis Bantum Correctional Center on Rikers Island," as a defendant in this action, but does not connect him to the facts he has alleged in the complaint. He states that he was transferred to Rikers Island on June 1, 2012, two days after his arrest, and that the John Doe doctor worked at Rikers Island, but Alcantara's pleadings are entirely silent as to how the doctor is connected in any way to the violation of his rights. In fact, other than naming the doctor as a defendant, he is not mentioned in the complaint at all.

A plaintiff's failure to make any allegations against a defendant he has named is fatal to his claims against that defendant. Fed. R. Civ. P. 8. In a federal lawsuit, a plaintiff must allege facts sufficient to allow the defendants to have a fair understanding of what he is complaining about and to enable them to determine whether there is a possible legal basis for recovery. *See Bell Atlantic Corp.*, 550 U.S. at 555 (Rule 8 imposes the requirement that the plaintiff's pleadings "give the defendant fair notice of what the . . . claim is and the grounds on which it rests" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Ricciuti v. NYC Trans. Auth.*, 941 F. 2d 119, 123 (2d Cir. 1991) ("[Rule 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery."). Without pleading any connection to the events described in the complaint, the claim against Doctor John Doe must be dismissed. *See Burton v. Lynch*, 664 F. Supp. 2d 349, 358 (S.D.N.Y. 2009) (dismissing claim against nurse employed at jail who was not linked in the allegations to any alleged denial of medical care).

## Conclusion

Alcantara's 42 U.S.C. § 1983 claim against Doctor John Doe is dismissed without prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to amend the caption accordingly. No summons shall issue as to this defendant, but plaintiff may amend his complaint and attempt to assert sufficient facts against the doctor stating the nature of the constitutional violation he claims the doctor committed.

Plaintiff's complaint against the remaining defendants may proceed at this time. The Clerk of Court is directed to issue a summons against defendant police officers Danielle Donaghue, Richard DiGangi, and John Welburg of the 122nd Precinct. The United States Marshals Service is directed to serve the complaint and a copy of this Order on these defendants without prepayment of fees. A copy of this Order shall also be served on the Special Litigation Division of the Corporation Counsel.

The case is respectfully referred to the Honorable Robert M. Levy, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So Ordered.

Dated: Brooklyn, New York
February 2, 2016

/S/ Judge Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge